811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond Earl FERGUSON, Petitioner,
v.
John REES, et al., Respondent.
 No. 86-5149.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In his appeal from the order of the district court denying him a writ of habeas corpus, appellant contends that he was denied effective assistance of counsel during the penalty enhancement phase of his state trial, held after the jury had convicted him of felony charges, and in which he was found to be a persistent felony offender on the basis of his having had two prior felony convictions. Counsel was ineffective, he argues, due to his failure to contest the validity of a 1973 conviction entered upon appellant's guilty plea.
 
 
 2
 Whether that prior conviction was invalid for noncompliance with the mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is not before us. The only question on appeal is whether the district court erred in determining, on the state of the record before it, that counsel was ineffective.
 
 
 3
 In his petition for a writ of habeas corpus, appellant raised this ground for relief:
 
 
 4
 "Petitioner was denied effective assistance of counsel when evidence of invalid prior conviction was introduced without objection to enhance punishment."
 
 
 5
 As no supporting factual documentation was attached, and no request was made for an evidentiary hearing before the district court, we must assume that appellant was content to rest on the record and evidence adduced in state proceedings.
 
 
 6
 The district court recognized the two-part test for ineffective assistance of counsel enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Concluding that appellant had not carried his burden on the first prong, as the basis for denying a writ, the district court found it unnecessary to address the second.
 
 
 7
 As noted by the trial court, there is a strong presumption that counsel rendered adequate assistance [Strickland v. Washington, supra, 466 U.S. at 689], and the record reveals that counsel effectively defended his client at the guilt stage of the trial and pursued several defense strategies during the enhancement trial.
 
 
 8
 The district court also correctly observed that, while defense counsel is required to investigate obvious defenses, he is not required to run down every possible avenue that might hurt or help his client. The court concluded that it would not have been apparent to counsel that the 1973 guilty plea proceeding was arguably questionable. We are unable to disagree with this conclusion, since the record before the district judge reveals that almost eight years had transpired since the plea was entered; that former counsel knew appellant had served his sentence on that conviction without having challenged it; that appellant was represented by counsel at the time he entered his plea; that the lawyer who represented him at the guilty plea had since died; that appellant did not advise his counsel at the enhancement trial that his earlier plea had been unintelligently or involuntarily entered; and that in a subsequent state court hearing former counsel was not questioned by appellant's present counsel about any circumstances which should have put former counsel on notice that the conviction was arguably questionable, about whether he had failed to investigate the circumstances surrounding the entry of the guilty plea, or about his reasons for not challenging the conviction during the enhancement trial.
 
 
 9
 Although appellant was no stranger to the criminal justice system, he could not be expected to fully appreciate the legal significance of the Boykin doctrine. However, counsel would have been warranted in assuming that appellant would complain, either by challenging the conviction, or voicing his complaints to counsel, had he felt he had been "pushed", "railroaded", or "stampeded" into entering a plea.
 
 
 10
 Following the district court's ruling, appellant's counsel moved for reconsideration and for a hearing, and attached affidavits from himself and other lawyers, in an effort to demonstrate that it was common knowledge among defense attorneys that the state trial judge who accepted appellant's guilty plea routinely violated the mandates of Boykin. It follows, argued appellant's present counsel, that former counsel should have been aware of that situation and should have challenged the validity of the 1973 conviction.
 
 
 11
 Even assuming that the content of these affidavits would be borne out at an evidentiary hearing, that would not demonstrate that former counsel was aware that Boykin was routinely flaunted, or if he did, that he failed to make inquiry as to whether Boykin was not complied with in this instance. Because appellant did not demonstrate that former counsel failed to provide reasonable, effective assistance, we are unable to say the trial court erred in its conclusion that the affidavits did not compel reconsideration and vacation of his previous order.
 
 
 12
 The orders of the district court are affirmed.